**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4244**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOKARI LEE BARNETT,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Catherine C. Blake, District Judge. (1:09-cr-00244-CCB-2)

Submitted:  October 4, 2011        Decided:  October 13, 2011

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Richard  W.  Winelander,  Baltimore,  Maryland,  for  Appellant. Michael  Clayton  Hanlon,  Assistant  United  States  Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jokari Lee Barnett pleaded guilty, pursuant to a plea agreement, to possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced Barnett to 120 months' imprisonment. Barnett appeals.

On appeal, Barnett does not challenge his conviction; the only issue he raises is the claim that the district court erred in failing to sentence him in accordance with the Fair Sentencing Act of 2010 (FSA). Both Barnett and the Government have moved to remand the case for resentencing in accordance with the FSA. Accordingly, we affirm Barnett's conviction, but vacate Barnett's sentence and remand the case to the district court to permit resentencing. By this disposition, however, we indicate no view as to whether the FSA is retroactively applicable to a defendant like Barnett whose offenses were committed prior to August 3, 2010, the effective date of the FSA, but who was sentenced after that date. We leave that determination in the first instance to the district court.[*]

---

[*] We note that at Barnett's February 11, 2011 sentencing hearing, the court declined to rule on defense counsel's argument for the retroactive application of the FSA. In light of the Attorney General's revised view on the retroactivity of the FSA, as well as the development of case law on this point in other jurisdictions, we think it appropriate, without indicating
(Continued)

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

---

any view as to the outcome, to accord the district court an opportunity to consider the matter anew.